UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN FITZGERALD,

                Petitioner,

v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY AND WARDEN
OF NEW JERSEY STATE PRISON,

                Respondents.

Civil Action No. 24-1859 (JXN)

**OPINION**

**NEALS**, District Judge

      This matter comes before the Court upon Respondents' motion to dismiss *Pro se* Petitioner John Fitzgerald's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as second or successive. ("Motion") (ECF No. 12.) Petitioner, an individual currently confined at New Jersey State Prison in Trenton, New Jersey, did not file opposition.

      The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons expressed below, Respondents' Motion is **GRANTED**, and the Petition is **dismissed *with prejudice***, and no certificate of appealability shall issue.

    **I.**    **BACKGROUND**

      In August 2003, a Union County Grand Jury returned Indictment 03-08-008191, charging Petitioner and sixteen co-defendants with various offenses related to the trafficking of narcotics. (*See* ECF No. 12-3.) In March 2005, a jury convicted Petitioner and co-defendants Dameen, Dawud, and Dawshon Fitzgerald of leading a narcotics trafficking network, N.J.S.A. § 2C:35-3, and numerous related offenses. (*See* ECF No. 12-4 at 3.) On April 22, 2005, the Honorable William

L'E. Wertheimer, J.S.C., sentenced Petitioner to an aggregate term of life in prison plus forty years, with a fifty-year period of parole ineligibility. (*Id.* at 1.)

Petitioner filed a notice of appeal, and on June 30, 2008, the Appellate Division affirmed Petitioner's conviction but remanded for resentencing. (*See* ECF No. 12-5.) On October 6, 2008, the New Jersey Supreme Court denied Petitioner's petition for certification. *See State v. Fitzgerald*, 960 A.2d 392 (N.J. 2008).

On November 25, 2008, Petitioner was resentenced to an aggregate term of life in prison plus twenty years, with a thirty-five-year period of parole ineligibility. (ECF No. 12-6.) On June 28, 2010, the Appellate Division affirmed Petitioner's sentence. (ECF No. 12-7.)

Petitioner filed a petition for post-conviction relief ("PCR"), which the PCR court denied on May 16, 2011. (ECF No. 12-8.) On October 30, 2013, the Appellate Division affirmed the PCR court's denial of post-conviction relief. (ECF No. 12-8.) The New Jersey Supreme Court denied certification on May 22, 2014. *See State v. Fitzgerald*, 91 A.3d 24 (N.J. 2014).

In June 2014, Petitioner filed his first petition for a writ of habeas corpus. (Civ. No. 14-4025, ECF No. 4.) Petitioner raised the following claims:

1. Ineffective assistance of trial and appellate counsel.

2. The trial court's charge to the jury regarding accomplice liability was inadequate, insufficient, and fatally defective in nature.

3. The trial court erred by ruling the video tape of [Petitioner] meeting with an undercover officer and a confidential informant two weeks prior to the beginning of the conspiracy contained in the indictment was admissible.

4. The trial court failed to adequately instruct the jury regarding the limited admissibility of the videotape.

(*See* ECF No. 12-10 at 16.) In May 2018, the Honorable Kevin McNulty, U.S.D.J. (ret) ("Judge McNulty"), denied Petitioner's first § 2254 petition. (*See id.*)

According to the Appellate Division, Petitioner subsequently filed a motion for a new trial. (ECF No. 12-11 at 4.) The Appellate Division noted that the motion "sought a new trial based on [Petitioner's] allegation that the State failed to provide in discovery the existence and identity of confidential informants and that this failure constituted a violation of the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963)." (*Id.* at 5.) The motion judge entered an order that stated the new-trial motion was "'voluntarily withdrawn and dismissed without prejudice' because they were 'not based on newly discovered evidence,' and were 'out of time,' and lacked merit." (*Id.*) Petitioner filed a motion for reconsideration, which was subsequently denied. (*Id.*) Petitioner appealed, and the Appellate Division affirmed the motion judge's decision, finding that Petitioner's new trial motion was untimely, as it was not based on newly discovered information. (*See* ECF No. 12-11.) The New Jersey Supreme Court denied certification on April 6, 2023. *See State v. Fitzgerald*, 291 A.3d 1163 (N.J. 2023).

On March 6, 2024, Petitioner filed the instant Petition, his second § 2254 Petition. In the Petition, Petitioner raised the following claims: (1) the State's failure to provide nineteen items was a due process violation; (2) the trial court's failure to make factual findings was a due process violation; (3) the public defender failed to "endeavor Petitioner's Brady claims"; and (4) the State's failure to dismiss twenty-one counts of the indictment was a due process violation. (ECF No. 1 at 9-14.)

Respondents subsequently filed the instant Motion, arguing that the Petition is a second or successive petition. (ECF No. 12.) Petitioner has not filed any opposition or other response to the Motion. The matter is now ripe for decision.

II.      **STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

Respondents argue in their Motion that this matter presents a second or successive habeas petition filed without leave of the Court of Appeals, and that Petitioner's habeas petition must be dismissed as a result. (*See* ECF No. 12-1 at 7-12.) The Court agrees.

4

The Antiterrorism and Effective Death Penalty Act limits a district court's jurisdiction over second or successive § 2254 petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Absent this authorization, the Court lacks jurisdiction over any second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

However, a habeas petition is not a "second or successive" petition merely because it is the second or later in time petition that the petitioner has filed after his initial conviction. *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a (1) prior petition has been decided on the merits, (2) the prior and new petitions challenge the same conviction, and (3) the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).

Here, Judge McNulty decided Petitioner's first § 2254 petition on the merits in May 2018. (*See* ECF No. 12-10.) Additionally, both Petitioner's prior petition and the instant Petition challenge Petitioner's conviction for leading a narcotics trafficking network, N.J.S.A. § 2C:35-3, and related offenses under Indictment Number 03-08-008191. (*Compare* ECF No. 1 *with* Civ. No.

5

14-4025, ECF No. 4.) Finally, the Petition raises claims that could have been raised in his first petition.

At claim one, Petitioner argues that the state failed to provide him with items, such as police reports, that were listed in the affidavit for probable cause to obtain wiretap orders. (ECF No. 1 at 9.) Petitioner does not argue that his claim pertains to newly discovered evidence; rather, he acknowledges that the affidavit consisted of an outline of the evidence used to show probable cause. Petitioner argues that "not one police report [was] turned over." (*Id.*) As Petitioner would have been aware at the time of trial that no police reports were provided to the defense, this is not newly discovered evidence. Claims two and three raise arguments regarding the state court and appellate counsel's handling of Petitioner's motion for a new trial based on the items he claims were listed in the affidavit and not provided to Petitioner at trial. (*Id.* at 11-12.) However, again, those items would have been previously known to Petitioner, as he notes that they were listed in the affidavit of probable cause. Finally, Petitioner argues in Claim Four that the state erred in not dismissing counts from the indictment that could have been raised previously. (*Id.* at 14.) Accordingly, the instant Petition is second or successive.

Petitioner does not state that he has received permission from the Third Circuit to file this second or successive petition; rather, Petitioner denies ever having filed a previous §2254 petition. (*See* ECF No. 1 at 16.) Because Petitioner has not received permission from the Third Circuit to file his second or successive petition, this Court lacks jurisdiction. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The interests of justice will generally support a transfer of a successive habeas petition to the Court of Appeals only where the petitioner has alleged facts

which would be sufficient to bring him within the gatekeeping requirements for the authorization of a successive petition under the habeas statute. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010). The habeas statute provides that a district court shall dismiss a second or successive habeas petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Petitioner does not allege facts indicating that the claims presented in his Petition satisfy the gatekeeping requirements of § 2244(b)(2). Petitioner does not identify a new rule of constitutional law, nor does he point to any fact that he could not have previously discovered through the exercise of due diligence. Therefore, the Court finds that it would not be in the interest of justice to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition. *See Hatches*, 381 F. App'x at 137. Petitioner's Petition shall therefore be dismissed for lack of jurisdiction.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate

7

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

Here, jurists of reason would agree with this Court's conclusion that it lacks jurisdiction over Petitioner's second or successive § 2254 Petition. Consequently, the Court will not issue a certificate of appealability.

V.    CONCLUSION

For the reasons stated above, Respondents' Motion (ECF No. 12) is **GRANTED,** and Petitioner's habeas petition is **DISMISSED** *with prejudice* for lack of jurisdiction. A certificate of appealability shall not issue. An appropriate order follows.

**DATED**: April 10, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge